## Schultz v. Schultz

*Snyder, Wert & Wilcox*, for plaintiff.
*Ray R. Brennen*, for defendant.

DIEFENDERFER, J., July 2, 1951.—Plaintiff has obtained a rule on defendant to show cause why the above-captioned 30-year-old action in divorce should not be discontinued in order that a new action might be instituted. Defendant answered that: (1) The original cause was never appealed, and (2) there is an existing support order to October sessions, 1919, no. 134, in the Court of Quarter Sessions of Lehigh County, on which plaintiff is presently paying her support.

The records show that a rule for alimony and counsel fees filed in this action was answered but never dis-

posed of. The libel in divorce is not in the files, so we cannot tell what were the grounds alleged for divorce.

Crosby v. Crosby, 42 D. & C. 452, is the case most frequently cited in motions for discontinuance of a divorce action. While discontinuance is not a matter of right, the court will not refuse discontinuance unless a defendant will thereby suffer a disadvantage or unless the public has an interest in the action. "Disadvantage" means prejudice and the mere fact that the discontinuance may subject defendant to a new action which may terminate against her interests is not such disadvantage. This is not a case where derogatory charges have been made, which defendant ought be given the opportunity to defend. See also Geiger v. Geiger, 54 D. & C. 557, in Northampton County and the same case in Lehigh County, January term 1943, no. 230.

The presence of a support order is not grounds for discontinuance of a divorce action, even if there should be arrears, and we presume there are none in this case or defendant would have so stated: Wolfgang v. Wolfgang, June term, 1934, no. 25.

Since defendant has not pressed her rule for alimony and counsel fees in the former action, its existence is no bar to discontinuance.

It is certain that, were plaintiff to proceed to hearing in the present action, defendant would raise the cry of abandonment of the action. Plaintiff has the right to an adjudication of his marital rights and, since the present action is a stale one, he ought to be permitted to discontinue it and start all over again. Defendant will be given a full opportunity to defend any new action and therefore she is not prejudiced.

Now, July 2, 1951, leave is granted plaintiff to discontinue the above-captioned action in divorce at his cost.